# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60088
Summary Calendar

---

Deymer Oscar Martagon Cerezo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2023

Lyle W. Cayce
Clerk

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 311 230

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Deymer Oscar Martagon Cerezo, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA), dismissing his appeal and affirming the immigration judge's (IJ) denial of withholding of removal.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60088

This court reviews the BIA's decision but considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence and its legal conclusions are reviewed de novo. *Id.* The substantial-evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Martagon Cerezo argues that his credible testimony established that his membership in a particular social group (PSG) consisting of his mother's family members was "one central reason" for the harm he fears in Mexico and that the BIA erred in finding that he had failed to show the requisite nexus.[1] *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); 8 U.S.C. § 1158(b)(1)(B)(i).

Martagon Cerezo relies on *Hernandez-Avalos v. Lynch*, 784 F.3d 944 (4th Cir. 2015), to argue that he has satisfied the nexus requirement. Aside from the fact that a decision from another circuit is not controlling on this court, we have rejected the Fourth Circuit's approach in *Hernandez-Avalos* as "inconsistent" with the text of the immigration statute and with the caselaw of the BIA, this court, "and the majority view of other circuits."

---

[1] Martagon Cerezo also argues that the BIA erred in applying the more stringent "one central reason" standard that applies to asylum claims when denying his claim for withholding of removal based on nexus. He contends that the standard for showing nexus for withholding of removal is the lower "a reason" standard. He acknowledges, however, that this court has already rejected this argument in *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

2

*Berrios-Bruno v. Garland*, No. 18-60276, 2021 WL 3624766 at *5 (5th Cir. Aug. 16, 2021) (unpublished); *accord Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015).

The BIA correctly found that Martagon Cerezo had failed to show that his familial relationship would be "one central reason" for the harm he feared in Mexico. Although the BIA acknowledged the horrible circumstance of the kidnapping of Martagon Cerezo's mother and two siblings and noted that Martagon Cerezo suspected that the cartel was responsible, the BIA emphasized that Martagon Cerezo did not know for certain who had kidnapped his family, nor did he know why they had been targeted. Further, the BIA noted that there was no evidence that any of his mother's relatives living in Mexico had been harmed in the years following her apparent abduction. *See Ramirez-Mejia*, 794 F.3d at 493 (finding no persecution on account of family status when "other members of [the petitioner's] family, who have remained in [the petitioner's native country], have not faced persecution on the basis of their membership in the family").

Martagon Cerezo has not shown that the evidence compels the conclusion that the BIA erred in finding that there was no nexus between his feared future persecution and his membership in a PSG consisting of his mother's family members. *See Gonzalez-Veliz*, 938 F.3d at 224-25; *Chen*, 470 F.3d at 1134. Because the BIA's finding of no nexus is supported by substantial evidence and is dispositive, we need not address Martagon Cerezo's arguments related to the BIA's finding that he failed to show a clear probability of future persecution in Mexico based on his PSG membership. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The petition for review is DENIED.